Opinion issued December 16, 2010



In The

Court
of Appeals

For The

First
District of Texas

————————————

NO. 01-09-00861-CR

———————————

Montego P. Robertson, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On Appeal from the 176th District Court

Harris County, Texas



Trial Court Case No. 1220417

 



 

 

MEMORANDUM OPINION

Appellant,
Montego P. Robertson, appeals from a judgment sentencing him to 11 years in prison
for possession of a controlled substance, namely cocaine weighing less than one
gram.  Tex.
Health & Safety Code Ann. § 481.002(38) (Vernon 2010); Tex. Penal Code Ann. § 6.01(b) (Vernon 2003).   The case was tried before a jury on a plea
of not guilty in the 176th District Court of Harris County, Texas.  Appellant pleaded true to enhancement paragraphs.  After finding appellant guilty of possession
of a controlled substance, and finding true the enhancement paragraphs of two
prior felony convictions, the jury assessed a punishment at 11 years’
confinement.  In appellant’s sole issue
on appeal, he contends the evidence is factually insufficient to show he
possessed a controlled substance.  We
affirm.

BACKGROUND

          During
one evening in June 2009, Houston Police Department Officers A. Ferrer and A.
Olvera responded to an “assault in progress with a weapon” dispatch to an
apartment complex in Harris County.  The
dispatcher described the suspect as wearing a white baggie shirt and
do-rag.  While traveling to the apartment
complex, the officers saw appellant walking. 
Officers Ferrer and Olvera believed that appellant met the dispatcher’s
primary description because he was wearing a white baggie shirt and do-rag.  After determining that appellant met the
description obtained from the radio, Officer Ferrer shined his spotlight on appellant
and requested that appellant stop walking away. 
Appellant did not stop, but instead quickened his pace.  Officer Olvera then started following appellant
on foot, while Officer Ferrer continued to follow appellant in the patrol
car.  The officers then saw appellant
reach into his waistband and drop a black do-rag on the ground.  Officer Olvera picked up the discarded black
do-rag and found crack cocaine inside the do-rag.  

SUFFICIENCY
OF THE EVIDENCE

In the sole issue
raised on appeal, appellant challenges the factual sufficiency of the evidence
used to convict him of possession of a controlled substance.  

A.      Standard of Review

An appellate court reviews both legal and factual sufficiency
challenges using the same standard of review. 
Brooks v. State, No. PD-0210-09, 2010 WL 3894613, at
*14, 21–22 (Tex. Crim. App. Oct. 6, 2010); Ervin
v. State, No. 01-10-00054-CR, 2010 WL 4619329, at *3 (Tex. App.—Houston
[1st Dist.] Nov. 10, 2010, no pet. h.).  Under this standard, evidence is insufficient to support a conviction
if, considering all the record evidence in the light most
favorable to the verdict, no rational fact finder could have found that each
essential element of the charged offense was proven beyond a reasonable
doubt.  See Jackson v. Virginia,
443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979); Laster
v. State, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App.
2007).  Viewed in the light
most favorable to the verdict, the evidence is insufficient under this standard
in two circumstances:  (1) the record
contains no evidence, or merely a “modicum” of evidence, probative of an
element of the offense; or (2) the evidence conclusively establishes a
reasonable doubt.  Laster, 275 S.W.3d at 518; Williams, 235 S.W.3d at 750.

If an appellate court finds the evidence
insufficient under this standard, it must reverse the judgment and enter an
order of acquittal.  See Tibbs v. Florida, 457
U.S. 31, 41–42, 102 S.Ct. 2211, 2218 (1982). 
An appellate court determines
whether the necessary inferences are reasonable based upon the combined and
cumulative force of all the evidence when viewed in the light most favorable to
the verdict.  See Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim.
App. 2007).  An appellate court presumes that the fact finder
resolved any conflicting inferences in favor of the verdict and defers to that
resolution.  See Jackson, 443 U.S. at 326, 99 S.Ct. at 2793; Clayton, 235 S.W.3d at 778.  An
appellate court may not re-evaluate the weight and credibility of the record
evidence and thereby substitute its own judgment for that of the fact
finder.  Williams, 235 S.W.3d at
750.

B.      Possession
of a Controlled Substance

          To
prove unlawful possession of a controlled substance, the State must show that
the accused (1) exercised care, custody, control, or management over the
contraband and (2) knew the matter possessed was contraband.  Tex.
Health & Safety Code Ann.
§ 481.002(38); Pena v. State, 251 S.W.3d 601, 606 (Tex. App.—Houston
[1st Dist.] 2007, pet. ref’d). 
Possession is voluntary “if the possessor knowingly obtains or receives
the thing possessed or is aware of his control of the thing for a sufficient
time to permit him to terminate his control.” 
Tex. Penal Code Ann. §
6.01(b).

          C.      “Affirmative”
Links[1]

If, as here, the
accused does not exclusively possess the place where the contraband is found,
then independent facts and circumstances must link him to the drugs.  Poindexter v. State, 153 S.W.3d 402, 406 (Tex. Crim.
App. 2005); Batiste v. State,
217 S.W.3d 74, 79–80 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  Proof of a link between the accused and the
contraband is mainly needed to establish knowledge or intent.  Roberson v. State, 80 S.W.3d 730, 735 (Tex.
App.—Houston [1st Dist.] 2002, pet. ref’d). 
It is not sufficient to show the defendant was merely present in the
vicinity of the controlled substance.  Batiste, 217 S.W.3d at 80.  Whether direct or circumstantial, the
evidence must establish that the defendant’s connection with the drugs is more
than fortuitous.  Evans v. State, 202 S.W.3d 158, 161 (Tex. Crim.
App. 2006).  Texas courts have set forth
a non-exclusive list of possible links that can be sufficient, either alone or
in combination, to establish a person’s possession of contraband.  Id. at 162 n.12. 
Examples of these links include:  

(1) the
defendant’s presence when a search is conducted; (2) whether the contraband was
in plain view; (3) the defendant’s proximity to and the accessibility of the
narcotic; (4) whether the defendant was under the influence of narcotics when
arrested; (5) whether the defendant possessed other contraband or narcotics
when arrested; (6) whether the defendant made incriminating statements when
arrested; (7) whether the defendant attempted to flee; (8) whether the
defendant made furtive gestures; (9) whether there was an odor of contraband;
(10) whether other contraband or drug paraphernalia were present; (11) whether
the defendant owned or had the right to possess the place where the drugs were
found; (12) whether the place where the drugs were found was enclosed; (13)
whether the defendant was found with a large amount of cash; and (14) whether
the conduct of the defendant indicated a consciousness of guilt. Id.

 

Each case is examined on its own facts,
and a factor that contributes to the sufficiency of the evidence in one case
may be of little or no value in a different case.  Roberson, 80 S.W.3d at 736.  The
number of links is not as important as the logical force that they collectively
create.  Batiste, 217 S.W.3d at 80.  We need not consider linking factors that are
absent from the evidence.  Id.

D.      Analysis

Appellant first
asserts the evidence is insufficient because, he contends, Officer Ferrer was
unable to determine if appellant was male or female.  Appellant points to Officer Ferrer’s
testimony during cross-examination.  During
cross-examination, Officer Ferrer testified that he was looking for a female
after the initial dispatch; however, because the dispatch description was of a
person in a white baggy shirt and do-rag, the description could fit either a
male or female.  Officer Ferrer testified
that when the officers first saw appellant walking, appellant met the dispatch
description of a person in white baggy shirt and do-rag, and it was for this
reason that he and the other officers believed appellant might be the
suspect.  Even if this testimony
qualified as evidence contrary to the verdict, we conclude it is not so strong
that the State could not have met its beyond-a-reasonable-doubt burden of
proof.

Next, appellant contends the evidence of the cocaine should
have been suppressed.  Appellant appears
to assert that he did not commit a crime because at “the time that [he] was hit
with the Q-beam, he had committed no offense.” 
His contention that “the evidence of cocaine should [therefore] have
been suppressed” appears to implicate, without further argument or explanation,
broader search and seizure issues such as whether probable cause existed to
arrest appellant.  Appellant fails to
cite federal or state case law to support or explain his contention, and does
not cite to the record.  Texas Rule of
Appellate Procedure 38.1(i) requires an appellant’s brief to contain a “clear
and concise argument for the contentions made, with appropriate citations to
authorities and to the record.”  See Tex.
R. App. P. 38.1(i); see also Ladd v. State, 3 S.W.3d 547, 575 (Tex. Crim.
App. 1999) (requiring appellants to abide by published briefing rules and
to make reasonable arguments on their own behalf does not offend due process or
traditional notions of fair play and substantial justice).  Here, appellant has not provided a clear and
concise argument for why the evidence of the cocaine should be suppressed and
has not provided any case law authority or citation to the record.  We, therefore, conclude this portion of his
argument is waived for inadequate briefing. 
See Tex. R. App. P. 38.1(i); Cardenas
v. State, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000) (overruling points of
error as inadequately briefed when appellant neglected to present argument and
authorities as required by Texas Rule of Appellate Procedure 38.1(i)).

Viewing the evidence in the light most favorable to the
prosecution, a rational trier of fact could have found beyond a reasonable
doubt that appellant unlawfully possessed a controlled substance.  The record shows that (1) appellant fled
officers after he was asked to stop; (2) appellant was alone and the only
person fleeing the scene; (3) appellant pulled out a black do-rag cloth from
his waistband in the presence of the police and tossed it to the ground; (4)
the officer recovered the same do-rag; and (5) the do-rag contained crack
cocaine.  We hold the evidence is legally
sufficient to prove appellant’s guilt.  See Guy v. State, 160 S.W.3d 606, 613
(Tex. App.—Fort Worth 2005, pet ref’d) (holding that evidence was sufficient to prove appellant possessed cocaine because officer
personally observed appellant dropping baggie containing
cocaine out of his hand; officer maintained constant visual of appellant and
baggie; and, officer identified baggie in court as same one he saw on day in
question).  

We
overrule appellant’s sole issue raised on appeal.

CONCLUSION

We affirm the judgment of the trial court.

 

                                                                   

 

Sherry
Radack

                                                                   Chief
Justice 

 

Panel consists
of Chief Justice Radack, Justices Massengale and Nuchia.[2]

 

Do
not publish.   Tex. R. App. P. 47.2(b).

 

 











[1]
          The Texas Court of Criminal
Appeals has stated that the term “affirmative” adds nothing to the plain
meaning of “link.”  When the term “link”
is used, it is clear that the evidence of drug possession is judged by the same
standard as all other evidence.  See Evans v. State, 202 S.W.3d 158, 162
n.9 (Tex. Crim. App. 2006).





[2]           The Honorable Sam Nuchia, Senior
Justice, Court of Appeals for the First District of Texas, participating by
assignment.